Filed 10/13/21

# IN THE SUPREME COURT OF CALIFORNIA

JEFFREY WALKER,

Petitioner,

v.

THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO,

Respondent;

THE PEOPLE,

Real Party in Interest.

S263588

First Appellate District, Division Four
A159563

San Francisco City and County Superior Court
2219428, 195198

---

## ORDER MODIFYING OPINION AND
## DENYING PETITION FOR REHEARING

THE COURT:

The majority opinion in this matter, filed on August 30, 2021, and appearing at 12 Cal.5th 177, is modified as follows:

The last paragraph on page 206 under heading "C." is modified to read:

The admission of the contested hearsay in the MacSpeiden and Karlsson evaluation reports represented material error under the standard set forth in *Reilly v. Superior Court* (2013) 57 Cal.4th 641, 652–656.  *Reilly* involved the issue of whether an SVP petition must be dismissed if the evaluations supporting the petition were conducted under an invalid assessment protocol.  *Reilly* concluded the defendant, as the party seeking mandate, bore the burden of showing the error "materially affect[ed] the outcome of his probable cause hearing." (*Reilly*, at p. 656.)  As described in *Cooley*, "a determination of probable cause by a superior court judge under the SVPA entails a decision *whether a reasonable person could entertain a strong suspicion that the offender is an SVP.*"  (*Cooley, supra,* 29 Cal.4th at p. 252.)  For the reasons discussed below, we believe the admission of the hearsay descriptions regarding the nonpredicate offenses materially affected the outcome of the probable cause hearing, i.e., it is reasonably probable that, absent the erroneously admitted hearsay, the trial judge would not have entertained a strong suspicion that Walker qualified as an SVP.

This modification does not affect the judgment.

The petition for rehearing is denied.